IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO WYNN, | ) | Case No. 1:07 CR 054 |
| | ) | 1:13 CV 00829 |
| Defendant-Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | |
| Plaintiff-Respondent. | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket # 50 in Case No. 1:07 CR 054). For the reasons set forth below, Petitioner's Motion is DENIED.

**Factual and Procedural Background**

On August 01, 2007, Petitioner, pursuant to a written plea deal, entered a plea of guilty to one count of possession with the intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. Section 841(a)(1) and 841(b)(1)(A). Subsequently, on September 18, 2007, Petitioner was sentenced to a term of 235 months of imprisonment followed by eight years of supervised release.

Petitioner appealed his conviction and sentence to the Sixth Circuit Court of Appeals. On appeal, Petitioner's sole argument was that in light of the Supreme Court's recent decision in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581 (2008), the district court erred in concluding that Petitioner's guilty plea to "sexual battery" under Ohio Rev. Code § 2907.03 was a "crime of violence" for purposes of determining that Petitioner was a career offender. The Sixth Circuit vacated Petitioner's sentence and remanded the case back to this court for resentencing.  The Sixth Circuit held that a conviction under Ohio Rev. Code § 2907.03 was not

1

categorically a "crime of violence" because some subsections of § 2907.03 can be violated without using aggression or violence. Moreover, the Sixth Circuit determined that Petitioner's presentence report was not a document that would satisfy *Shepard*. Therefore, the Sixth Circuit instructed this court to allow the government to submit additional evidence of Petitioner's career offender status.

Subsequently, the government filed a sentencing memorandum, with exhibits, in order to establish that Petitioner was in fact a career offender. In response, Petitioner filed a sentencing memorandum, which did not address the career offender status but was devoted mostly to the sentencing disparity between powdered and crack cocaine.

On March 3, 2010, this Court resentenced Petitioner to 235 months of imprisonment and eight years of supervised release. Petitioner once again appealed his sentence arguing that the government failed to establish that his prior sexual battery offense under § 2907.03(A)(1) was a "crime of violence." Petitioner also argued that his prior conviction for assault on a peace officer was not categorically a "crime of violence," and that the district court failed to address his objections to the Pre-Sentence Investigation Report ("PSR"). The Sixth Circuit affirmed Petitioners' new sentence.

Petitioner filed the instant § 2255 motion on April 12, 2013. Petitioner moves this court to vacate, set aside, or correct his sentence on the grounds that Petitioner's counsel was ineffective during resentencing because counsel allowed Petitioner to be classified as a career offender. The Government filed a Response to Motion, asking this Court to deny Petitioner's Motion. (ECF # 53). Petitioner failed to file a timely reply. This matter is now fully briefed and ready for disposition.

**DISCUSSION**

A petitioner who moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." *Hill v. United States,* 368 U.S. 424, 424-427 (1962); *see also*, 28 U.S.C. §2255. The threshold showing for relief under a § 2255 motion is much higher than on direct appeal: a petitioner must show, by the preponderance of the evidence, that his constitutional rights were denied or infringed or that a serious jurisdictional defect existed. *See Stone v. Powell*, 428 U.S. 465, 477 (1976); *United States v. Frady,* 456 U.S. 152, 166 (1982). In addition, a court may grant relief under § 2255 if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice," or is "so egregious that it amounts to a violation of due process." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

I.  **Ineffective Counsel:**

For a petitioner to successfully claim ineffective assistance of counsel and subsequently be entitled to § 2255 relief, a petitioner must establish that (1) counsel made serious errors that would offend the Sixth Amendment and (2) that as a result of such errors, defendant suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 687(1984).

However, if the motion and the files and records of the case conclusively show that a petitioner is entitled to no relief, a petitioner is not entitled to an evidentiary hearing. *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir.1999)); *see also* 28 U.S.C. § 2255(b). Thus, only if a

factual dispute exists, must "the habeas court hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir.2007) (emphasis added)) (quoting *Turner* at 477). Therefore, a petitioner who files a § 2255 action for ineffective assistance of counsel must make more than a conclusory claim that counsel was, in fact, ineffective. *Turner v. United States*, 183 F.3d 474, 477-78 (6th Cir. 1999). *See* Rule 2(b)(2) of Rules Governing Section 2255 Proceedings; *see also United States v. Walker,* 210 F.3d 373 [table], 2000 WL 353518, at *5 (6th Cir.2000).

**A.    Serious Errors:**

In order to determine whether an attorney's actions rise to a level of ineffectiveness, his or her conduct must be compared to the competency of a reasonable attorney. *Trapnell v. United States*, 725 F.2d, at 151–152. In order for an attorney's conduct to be considered ineffective, such conduct must not be within the range of competence demanded of attorneys in criminal cases. *Strickland* at 687. While, such a standard is objective and based off prevailing professional norms, there are no specific guidelines as to when counsel has, in fact, been ineffective. *Id.* Thus, judicial scrutiny of counsel's performance is "highly deferential," *Id.* at 689, with the focus being placed on counsel's actual performance and not counsel's potential for improvement. *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998).  The burden of proving counsel's ineffectiveness is on the defendant, as an attorney's competence is presumed. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

Petitioner's allegation that had his counsel challenged his sexual battery conviction at resentencing, he would have not been classified as a career offender and thus would have received a reduced sentence does not rise to a level of serious error. The burden is on Petitioner to prove that his counsel did in fact not act as a reasonable attorney would have in the same

4

situation. However, Petitioner only argues that his counsel was "constitutionally inadequate" and that his offender status should have been raised at resentencing. (ECF # 50). Without more, there is little support behind Petitioner's claim.

Since Petitioner only makes a bare assertion, this court is within its discretion to hold that Petitioner's ineffective assistance of counsel claim is meritless.

**B.     Prejudice[1]**

Even if a petitioner would be able to convince a district court that his counsel's actions demonstrated serious error, a petitioner must be able to establish that he suffered prejudice due to his counsel's error. To establish prejudice, a petitioner must show a reasonable probability that, but for his attorney's errors, the proceeding would have produced a different result. *Ross v. United States*, 339 F.3d 483, 492 (6th Cir. 2003)(citing *Strickland*, 466 U.S. at 694).

An inquiry into any prejudice suffered by Petitioner requires this Court to examine whether Petitioner was in fact a career offender, as it is true that if Petitioner was not sentenced as a career offender, he would have fit into a lower sentencing guideline range.

Petitioner contends that he should not be categorized as a career offender because his Ohio court charge for coercive sexual battery was not violent in nature, and therefore he could not have been sentenced as a career offender.[2] However, the transcript of Petitioner's guilty plea in Ohio state court establishes that he was charged with a section of the Ohio Revised Code's sexual battery law which was, in fact, violent in nature. (ECF # 34 Exhibit 1). Therefore, had

---

[1] When applying *Strickland*, if a court can more easily dispose of an ineffective assistance claim based on lack of prejudice, the court should follow that route. *Ross* at 492 (citing *Watson v. Marshall*, 784 F.2d 722, 726 (6th Cir. 1985).

[2] Petitioner has also been convicted of assault on a peace officer, in violation of Ohio Revised Code § 2903.13. Petitioner had previously contested this charge as not being a "crime of violence." However, the Sixth Circuit held that Petitioner has waived his right to challenge this offense as a "crime of violence."

Petitioner's counsel raised such an issue at Petitioner's resentencing, it would not have had any effect on Petitioner's sentence. The plea transcript states that Petitioner "purposefully compelled [the victim] to submit by the use of force or threat of force." (ECF # 34, Exhibit 1). Petitioner entered a plea of guilty on these facts. (*Id.*). Such facts demonstrate that Petitioner was pleading guilty to a crime that involved force.  Therefore, Petitioner could not have suffered prejudice by his counsel's failure to argue that the prior conviction was not a "crime of violence" because the evidence shows that the state charge was in actuality a "crime of violence," and therefore, it counts towards his career offender status.

As a result of Petitioner being unable to show both serious error and prejudice, Petitioner's ineffective assistance of counsel claim is denied.[3]

## II.     Shepard Exception:

Petitioner's contention that exhibits submitted with the government's resentencing memorandum did not satisfy the inquiry required by the Supreme Court's in *Shepard* and, therefore, his attorney's failure to contest his status as a career offender did in fact prejudice him, is without merit.

> Whether a plea of guilty to a crime defined by a non-generic statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

*Shepard v. United States,* 544 U.S. 13, 26 (2005).

The exhibits attached to the government's resentencing memorandum satisfy *Shepard.*

---

[3] In so for as Petitioner's motion could be read as a challenge to his career offender status, that claim is procedurally barred.

6

The government exhibits include the transcript of colloquy between the judge overseeing Petitioner's Ohio court charge and the Petitioner himself. (ECF # 34). Therefore, because Petitioner's change of plea transcript is a *Shepard*-acceptable document, this Court finds that Petitioner's assertion that the government has not met the standard set-forth in *Shepard* is meritless.

Furthermore, a sentencing transcript is a *Shepard*-acceptable document. *United States v. Evans*, 378 F. App'x 485, 490-91 (6th Cir. 2010). Thus, even if the transcript of Petitioner's guilty plea in Ohio state court would not satisfy Shepard, the transcript from Petitioner's resentencing would be a *Shepard*-acceptable document. Therefore, this Court is permitted to look at the statements made by Petitioner at his resentencing. As has been stated, Petitioner admitted at resentencing that he was a career offender. Thus, Petitioner's assertion that the government has not met the *Shepard* standard is meritless.

## IV.     Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (10 shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slacke v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed. 2d 542 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 77 L.Ed. 2d 1090 (1983).

Petitioner fails to present adequate evidence that a reasonable jurist would have resolved the petition differently. In making his arguments, Petitioner fails to raise the types of claims that would give rise to relief under a § 2255 motion. Instead, he makes the same arguments made in previous litigation and raises issues that are unsupported by both the record and law. Petitioner fails to meet the mark for a successful § 2255 motion.

For the reasons stated above, the Court concludes that no reasonable jurist would find the assessment of Petitioner's Constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

## V. Conclusion:

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or correct Sentence filed pursuant to 28 U.S.C. §2255 (Docket # 50 in Case No. 1:07 CR 054) is DENIED. There is no basis upon which to require a hearing on Petitioner's Section 2255 Motion. Accordingly, Petitioner's request for a hearing is DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); FED. R. APP. P. 22(b). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: June 26, 2013