IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07-CR-54 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| ANTONIO WYNN, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

This matter comes before the Court on Defendant Antonio Wynn's ("Mr. Wynn's" or "Defendant's") Motion to Reduce Sentence Under Section 404 of the First Step Act. (ECF #84). The Government filed a Response in Opposition to the motion, and Defendant filed a Reply. (ECF #86, 87). The matter is now ready for consideration.

Mr. Wynn was charged with possession with intent to distribute 50 grams or more of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (R. 6: Indictment, PageID #13). He was subject to enhanced statutory penalties after the government filed notice of his prior convictions, which increased the statutory penalty to a minimum term of 20 years imprisonment with a statutory maximum term of life imprisonment. (R. 15: Information to establish prior conviction, PageID #33-35). Defendant entered a guilty plea wherein the parties stipulated that the actual amount of crack cocaine involved in the offense was 44.7 grams. (R. 20: Plea Agreement PageID #44). The parties further agreed that because the offense involved 44.7 grams of crack cocaine, the indictment be amended to reflect that the offense involved less than 50 grams but more than 5 grams of crack cocaine, punishable under Section 841(b)(1)(B) and requiring a term of ten years to life imprisonment. (*Id.*, R. 28: Plea Trans., PageID #87-88).

The Sixth Circuit has held that a "covered offense" under the First Step Act is "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010." *United States v. Willis*, 2020 U.S. App. LEXIS 4244, *4 (6th Cir., Feb 11, 2010); *see also United States v. Beamus*, 2019 U.S. App. LEXIS 34650 (6th Cir. 2019) (stating the defendant "is eligible for resentencing because, and only because, the Fair Sentencing Act modified the statutory range for his offense.").

Prior to the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(A)(iii) provided for a sentencing range of 10 years to life if the offense involved "50 grams or more" of crack cocaine, with possible enhancement to 20 years to life with a prior felony drug conviction, or mandatory life with two prior felony drug convictions; Section 841(b)(1)(B)(iii) provided for a sentencing range of 5 to 40 years if the offense involved "5 grams or more" but less than 50 grams of crack cocaine, with possible enhancement to 10 years to life with a prior felony drug conviction; and Section 841(b)(1)(C) provided for a sentencing range of up to 20 years if the offense involved less than 5 grams or an unspecified amount of crack cocaine, with possible enhancement to up to 30 years with a prior felony drug conviction. 21 U.S.C. § 841 (1996).

Section 2 of the Fair Sentencing Act made changes to the threshold quantities triggering different statutory penalties under 21 U.S.C. § 841(b)(1). Section 841(b)(1)(A)(iii) now provides for a sentencing range of 10 years to life if the offense involved "280 grams or more" of crack cocaine, with possible enhancement to 20 years to life with a prior felony drug conviction, or mandatory life with two prior felony drug conviction; Section 841(b)(1)(B)(iii) now provides for a sentencing range of 5 to 40 years if the offense involved "28 grams or more" but less than 280 grams of crack cocaine, with possible enhancement to 10 years to life with a prior felony drug

conviction; and Section 841(b)(1)(C) now provides for a sentencing range of up to 20 years if the offense involved less than 28 grams or an unspecified amount of crack cocaine, with possible enhancement to up to 30 years with a prior felony drug conviction. 21 U.S.C. § 841(b) (2010).

The parties have stipulated that Mr. Wynn's offense conduct involved 44.7 grams of crack cocaine. (R. 20: Plea Agreement, PageID #44, 46; R.28: Plea Trans., PageID #83, 86-87). At the time of his sentencing, 21 U.S.C. § 841(b) provided that the statutory sentencing range for an offense involving "5 grams or more" but less than 50, committed by a defendant with a prior felony drug conviction, was a term of 10 years to life imprisonment. (*Id.*, R. 28: Plea Trans., PageID #87-88). Mr. Wynn committed a violation for which the statutory penalties have not been modified. The stipulated quantity of 44.7 grams continues to satisfy the same quantity threshold applied prior to the 2010 Fair Sentencing Act punishable under Section 841(b)(1)(B). Accordingly, this Court DENIES Mr. Wynn's Motion to Reduce Sentence Under Section 404 of the First Step Act. (ECF #84). All aspects of his original sentence remain intact.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: July 2, 2020