UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07 CR 54 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONIO WYNN, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court on remand from the Sixth Circuit Court of Appeals. Defendant, Antonio Wynn filed a Motion for Reduction of Sentence Pursuant to Section 404 of the First Step Act, which the Court denied. (ECF #84, 88). He appealed the decision and the Court of Appeals vacated the Court's Order and remanded for further proceedings. (ECF # 89, 90, 91). On remand, Mr. Wynn filed a Supplement to his original Motion to Reduce Sentence, and the government filed a Response in Opposition to the motion. (ECF #92, 93). The matter is now ready for consideration.

In 2007, Mr. Wynn pled guilty to an amended charge of possession with intent to distribute 5 grams or more of cocaine base ("crack cocaine") in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B). (ECF #86, 87). The parties stipulated to drug quantity o f 44.7 grams of crack cocaine, and he was subject to enhanced penalties after the government filed a notice of prior convictions. He was sentenced as a career offender to 235 months of imprisonment. On appeal,

the Sixth Circuit remanded the case to determine whether Mr. Wynn continued to qualify as a career offender in light of intervening Supreme Court precedent. *United States v. Wynn*, 579 F. 3d 567 (6th Cir. 2009). This Court found that he did still qualify as a career offender. Mr. Wynn again appealed, and the Sixth Circuit affirmed his sentence. *United States v. Wynn*, 485 F. App'x 766 (6th Cir. 2012). Following the passage of the First Step Act of 2018, Mr. Wynn filed a motion to reduce sentence. The Court denied his motion stating that he was not eligible for relief because the statutory penalties for his specific conduct had not changed. Mr. Wynn appealed and the Court of appeals agreed that he was eligible for re-sentencing based on *United States v. Boulding*, 960 F.3d 774 (6th Cir. 2020), which held that "eligibility for re-sentencing under the First Step Act turns on the statute of conviction alone" – "not on a defendant's specific conduct."

In remanding the case for reconsideration on this basis, the Court of Appeals noted that Mr. Wynn's "eligibility does not entitle him to relief." (ECF #90, PageID 443). Rather, the choice of whether to resentence is left to the district court's sound discretion. *Id.* (citing *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019).

Although he may be eligible, a sentence reduction is not mandatory. Sentence reductions under the Act are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018. Mr. Wynn argues that his sentence should be reduced based on a mistaken calculation of his guideline range, and his demonstrated good conduct and rehabilitative efforts in prison. Mr. Wynn argues that his sentence should be based on the statutory guidelines for possessing five or more grams of cocaine base, which would fall under 21 U.S.C. §841(b)(1)(C). However, if Mr. Wynn were convicted and sentenced for the same conduct today, his offense would be punishable under §841(b)(1)(B)(iii) because he stipulated to offense

2

conduct involving 44.7 grams of crack cocaine. The statutory range for this amount of cocaine is ten years to life in prison. Mr. Wynn is a career offender with an offense level of 37 and a criminal history of VI. This yields a guideline range of 360 months to life. Mr. Wynn received a three level reduction for acceptance of responsibility, and the Court departed downward an additional level making a final determination that he would be sentenced at an offense level 33. This resulting in a reduced range of 235-293 months, and the Court sentenced him to the lowest sentence within this guideline range. This guideline range remains the applicable range for Mr. Wynn's offense conduct level and criminal history.

When determining whether an eligible defendant should be granted a sentence reduction, the Court may consider all relevant factors. *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020). This includes post-offense conduct, whether positive or negative. *Pepper v. United States,* 562 U.S. 476 (2011); *Id.* Mr. Wynn has apparently had an exemplary record within the institution. He has had no bad conduct citations and has made productive use of his time, educating himself, contributing positively to his community, and preparing himself for his eventual release. However, following the rules and taking advantage of the opportunities offered, although commendable, does not off-set the offense conduct and criminal history that led to his incarceration. Had the First Step Act provisions been in place at the time of his sentencing, the Court would have imposed the same sentence, even assuming that Mr. Wynn would make stride in his own rehabilitation during his incarceration. The sentence imposed is necessary to reflect the seriousness of the offense, to serve as a deterrent to further criminal activity, and to avoid disparities in sentences among other similarly situated defendants. This sentence is justified by a variety of considerations previously set forth in the plea agreement and discussed at his original

3

sentencing, as well as those set forth above. The Court finds that a sentence of 235 months is sufficient but not greater than necessary to meet the ends of justice. For the above reasons, this Court denies Mr. Wynn's petition for relief. (ECF #84, 92). His sentence remains at 235 months with eight years of supervised release. All other aspects of his original sentence also remain intact. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 1, 2021